UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSEPH P. RUSSONIELLO,**

      **Plaintiff,**

v.                                                                                              **Case No: 6:23-cv-2251-PGB-DCI**

**KELLY MCCORMACK INGRAM,**
**MORGAN BOURDAT SWENK,**
**ALAN SCHWARTZSEID and**
**RUSSELL E. KLEEM,**

      **Defendants.**
_____/

## <u>ORDER</u>

This cause is before the Court on *pro se* Plaintiff Joseph P. Russoniello's ("**Plaintiff**") Objection to Order Granting Defendant's Final Motion to Dismiss Amended Complaint With Prejudice, which the Court construes as a Motion for Reconsideration. (Doc. 49 (the "**Motion**")). Upon consideration, the Motion is due to be denied.

**I.  BACKGROUND**

Plaintiff initiated this lawsuit on December 7, 2023. (Doc. 1). Ultimately, Defendants Kelly McCormack Ingram, Russell E. Klemm, and Alan Schwartzseid (collectively, "**Defendants**") filed their respective motions to dismiss. (Docs. 20, 22, 38). On June 13, 2024, Magistrate Judge Daniel C. Irick issued a report recommending that the Court grant Defendants' motions to dismiss. (Doc. 42 (the "**Report and Recommendation**")). Further, the Report and Recommendation

notified the parties that they had fourteen days "to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections." (*Id.* at p. 9 (citing 28 U.S.C. § 636(b)(1)(C))). Twenty-seven days later, on July 10, 2024, "[a]fter an independent *de novo* review of the record in this matter, and noting that no objections were timely filed," the Court adopted the Report and Recommendation. (Doc. 45 (the "**Order**")). Plaintiff now seeks reconsideration of the Court's Order.

## II.   LEGAL STANDARD

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b). *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[1] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing*

---

[1]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

*L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[2]

## III. DISCUSSION

Simply put, Plaintiff's Motion does not satisfy the rigorous standard for reconsideration of a Court's Order.[3] (*See* Doc. 49). Specifically, Plaintiff fails to identify any "manifest errors of law or fact." (*See id.*). At most, Plaintiff asserts that the Order was "influenced by unreasonableness/[b]ias." (*Id.*). However, Plaintiff does not further explain this conclusory assertion, nor does he provide any facts or legal authority in support. (*See id.*). Ultimately, the Court will not reconsider its prior decision without adequate reason.

---

[2] Reconsideration is an extraordinary remedy that will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence that was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

[3] Although *pro se* pleadings are liberally construed, courts are not required to "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Reconsideration (Doc. 49) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 19, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties